# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

STACY HADLEY,

    *Plaintiff*,

vs.

    Case No.  10-2574-EFM

WINTRUST MORTGAGE CORPORATION,

    *Defendant*.

## MEMORANDUM AND ORDER

This civil case is brought by Stacy Hadley, on behalf of herself and others similarly situated, against Wintrust Mortgage Corporation for alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*  Presently before the Court is Plaintiff's Motion for Conditional Certification of the Class Claims under section 216(b) of the FLSA (Doc. 40).  For the reasons stated herein, the Court grants Plaintiff's motion for conditional certification.

### I.   Background

Plaintiff Stacy Hadley ("Hadley") filed a Complaint on October 21, 2010 alleging that the pay policies and practices of her former employer, Defendant Wintrust Mortgage Corporation ("Wintrust"), violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.  Wintrust is an Illinois corporation that originates and services residential mortgages across the country.  From

approximately June to December 2009, Hadley was employed as an underwriter in Wintrust's office in Overland Park, Kansas.[1] Hadley alleges that she worked, on average, seven hours per week in excess of her required working hours. Hadley contends that she was not compensated for this overtime labor.[2]

Wintrust uniformly classifies its underwriters as "administrative employees" exempt from the overtime provisions of the FLSA.[3] Hadley argues that Wintrust's underwriters are misclassified and are entitled to overtime compensation for all hours worked over forty per workweek pursuant to the FLSA. Consequently, Hadley brings the instant FLSA claim on behalf of herself and a putative opt-in class of individuals who were employed as underwriters with Wintrust and were not paid overtime compensation in the three years prior to the date of certification.[4] In conjunction with her motion for conditional class certification, Hadley asks the Court to: (1) order Wintrust to provide the names, addresses, and telephone numbers of putative class members in an easily malleable

---

[1] According to Wintrust, the Overland Park office was responsible for Wintrust's now-defunct wholesale operation. Wintrust exited the wholesale business and closed its Overland Park office in November 2010.

[2] Hadley also alleges that she was not compensated for straight time, but Hadley does not address this contention in her motion for conditional certification. The Court therefore assumes that Hadley intends to prove that other underwriters are similarly situated in that they did not receive overtime compensation.

[3] Administrative employees exempt from wage and hour regulations of the FLSA are those employees:
(1) Compensated on a salary or fee basis at a rate of not less than $455 per week . . . exclusive of board, lodging or other facilities;
(2) Whose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and
(3) Whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.
29 C.F.R. § 541.200.

[4] Wintrust employed approximately 38 individuals as underwriters in the three years preceding this lawsuit. *See* Doc. 45, Ex. A, ¶ 4.

format, such as Microsoft Excel; (2) designate Hadley as class representative and her counsel as class counsel; and (3) approve Hadley's proposed notice of claim and right to opt in.[5]

## II. Legal Standard

The FLSA permits legal action "against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."[6] Unlike class actions pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, a collective action brought under the FLSA includes only those similarly-situated individuals who opt into the class.[7] But the FLSA does not define what it means to be "similarly situated." Instead, the Tenth Circuit has approved an *ad hoc*, two-step approach to section 216(b) certification claims.[8] The *ad hoc* approach employs a two-step analysis for determining whether putative opt-in plaintiffs are similarly situated to the named plaintiff.[9]

First, in the initial "notice stage," the court "determines whether a collective action should be certified for purposes of sending notice of the action to potential class members."[10] The notice stage "require[s] nothing more than substantial allegations that the putative class members were

---

[5] Doc. 41, Ex. 3.

[6] 29 U.S.C. § 216(b).

[7] *See id.* (stating that employees must give written consent to become party plaintiffs).

[8] *Thiessen v. General Electric Capital Corporation*, 267 F.3d 1095, 1105 (10th Cir. 2001). Although *Thiessen* involved a collective action brought under the Age Discrimination in Employment Act ("ADEA"), the Tenth Circuit explicitly noted that the ADEA adopts the class action opt-in mechanism set out in section 216(b) of the FLSA. *Id.* at 1102. For that reason, *Thiessen* controls the analysis in this case. *See Peterson v. Mortgage Sources Corp.*, No. 08-2660-KHV, 2011 WL 3793963, *4, n.12 (D. Kan. Aug. 25, 2011).

[9] *Thiessen*, 267 F.3d at 1102–03.

[10] *Brown v. Money Tree Mortgage, Inc.*, 222 F.R.D. 676, 679 (D. Kan. 2004).

together the victims of a single decision, policy, or plan."[11]  The standard for conditional certification at the notice stage is lenient and typically results in certification for the purpose of notifying potential plaintiffs.[12]

The second step of the *ad hoc* approach occurs after discovery.[13]  At this stage, the district court applies a stricter standard and reviews the following factors to determine whether the opt-in plaintiffs are similarly situated: (1) the disparate factual and employment conditions of the individual plaintiffs, (2) defenses available to the defendant that are individual to each plaintiff, and (3) other fairness and procedural conditions.**[14]**

### III.    Analysis

*A.    Conditional Certification Under FLSA § 216(b)*

The parties agree that this case is in the notice stage for collective action certification under section 216(b).  Hadley asserts that she has met the lenient threshold for certification because Hadley's allegations, supported by admissions made in discovery, show that all Wintrust underwriters were classified as exempt employees subject to the same compensation scheme.  Hadley specifically notes that, in answer to Hadley's interrogatories, Wintrust stated that it employed 39 individuals as underwriters during the period relevant to this case.[15]  Wintrust also

---

[11]    *Thiessen*, 267 F.3d at 1102 (citations omitted) (internal quotation marks omitted).

[12]    *See, e.g.*, *id.* at 1103; *Brown*, 222 F.R.D. at 681; *Pack v. Investools, Inc.*, No. 09-1042-TS, 2011 WL 3651135, *3 (D. Utah Aug. 18, 2011); *Smitch v. Pizza Hut, Inc.*, No. 09-01632-CMA-BNB, 2011 WL 2791331 (D. Colo. July 14, 2011); *Sloan v. Renzenberger*, No. 10-2508-CM-JPO, 2011 WL 1457368, *3 (D. Kan. Apr. 15, 2011).

[13]    *Thiessen*, 276 F.3d at 1102–03.  This second stage in the certification analysis is most often prompted by a motion for decertification.  *Id.*

[14]    *Id.* at 1103 (citations omitted).  The court in *Thiessen* discussed a fourth factor irrelevant to claims brought under the FLSA.  *See Peterson*, 2011 WL 3793963, at * 4 n.13.

[15]    Doc. 41, Ex. 1, p. 3.

stated that all underwriters "have been classified as exempt from the overtime pay requirements imposed under the FLSA and accordingly have not been paid overtime compensation for hours worked in excess of forty for any given week during the designated period."[16] Furthermore, a sworn declaration accompanying Wintrust's response outlines numerous duties and responsibilities shared by all underwriters.[17]

Wintrust argues that it employs several types of underwriters whose "job duties and responsibilities, and the policies and procedures to which they are subject . . . vary based upon a variety of factors, including whether they work within the retail or wholesale channel."[18] Wintrust contends that Hadley's duties as a wholesale underwriter were different and more time-consuming than other underwriting positions. Focusing on the fact that Hadley did not submit any affidavits of support, Wintrust argues that Hadley has not shown that any other underwriters share Hadley's complaints. At this stage of the certification process, the Court disagrees.

Wintrust correctly asserts that most requests for conditional certification contain stronger evidentiary support, such as affidavits from putative class members.[19] But the Tenth Circuit has not

---

[16] Doc. 41, Ex. 1.

[17] Doc. 45, Ex. 2, ¶¶ 8-11.

[18] Doc. 45, Ex. 2, ¶ 12.

[19] *See, e.g.*, *Wass v. NPC Intern., Inc.*, No. 09-2254-JWL, 2011 WL 1118774, *5 (D. Kan. March 28, 2011) (noting that plaintiffs supported their motion for conditional certification with declarations from putative opt-in plaintiffs); *Shockey v. Huhtamaki, Inc.*, 730 F.Supp.2d 1298, 1303 (D. Kan. 2010) ("Plaintiffs, however, have produced deposition testimony and other discovery in support of their allegations."); *Braun v. Superior Industries Intern., Inc.*, No. 09-2560-JWL, 2010 WL 3879498 (D. Kan. Sept. 28, 2010) (noting that the plaintiff submitted sworn statements from former employees supporting the plaintiff's allegations); *Barnwell v. Corrections Corp. of America*, No. 08-2151-JWL, 2008 WL 5157476, *3–4 (D. Kan. Dec. 9, 2008) (noting that the plaintiff submitted sworn statements from nearly 200 putative opt-in plaintiffs in support of the plaintiff's allegations).

required any quantum of evidence to be produced at the notice stage.[20] Instead, this district has often stated, "Generally, where putative class members are employed in similar positions, the allegation that defendants engaged in a pattern or practice of not paying overtime is sufficient to allege that plaintiffs were together the victims of a single decision, policy or plan."[21] In this case, Hadley has alleged—and Wintrust has affirmed—the following facts: (1) approximately 38 individuals were employed as underwriters during the relevant time period, (2) underwriters shared many similar job duties and responsibilities, (3) all Wintrust underwriters were classified as exempt employees not entitled to overtime compensation under the FLSA. These allegations are sufficient to satisfy the notice stage standard for class certification.[22]

### B.     *Proposed Notice of Claims and Consent to Join*

#### 1.     *Content of Proposed Notice of Claims and Consent to Join*

Hadley submitted a proposed Notice of Claims and Consent to Join for the Court's review.[23] District courts have discretion to monitor the preparation and distribution of collective action

---

[20] *See Gieske v. First Horizon Home Loan Corp.*, 408 F.Supp.2d 1164, 1166 (D. Kan. 2006) (declining to announce a quantum of evidence standard, but noting that "the Tenth Circuit's language in *Thiessen* seems to indicate that only substantial allegations are required").

[21] *Renfro v. Spartan Computer Svcs., Inc.*, 243 F.R.D. 431, 433–34 (D. Kan. 2007). *See also McCaffrey v. Mortgage Sources Corp.*, No. 08-2660-KHV, 2009 WL 2778085, *3 (D. Kan. Aug. 27, 2009); *Gipson v. Southwestern Bell Telephone Co.*, No. 08-2017-EFM-DJW, 2009 WL 1044941, *3 (D. Kan. Apr. 20, 2009).

[22] Wintrust argues that conclusory allegations of the type found in Hadley's complaint are insufficient to support conditional certification under section 216(b). As support for this argument, Wintrust cites to a case from the District of Minnesota in which the district court reversed a magistrate judge's conditional certification of an ADEA claim on the grounds that conclusory allegations, "standing alone, are an insufficient basis for determining whether sending court-authorized notice is appropriate." *Severtson v. Phillips Brewing Co.*, 137 F.R.D. 264, 266 (D. Minn. 1991). But the court in *Severtson* explicitly recognized that other district have permitted certification "based solely on the allegations of the complaint." *Id.* (citing *Allen v. Marshall Field & Co.*, 93 F.R.D. 438, 442–45 (N.D.Ill.1982)). Furthermore, the defendants in *Severtson* contested the allegation that a uniform policy or practice existed. *Id.* In this case, Wintrust admits that it classifies all underwriters as exempt from the overtime provisions of the FLSA. The Court therefore concludes that *Severtson* is inapplicable to the case at bar.

[23] Doc. 41, Ex. 3.

notices.[24] When exercising this discretion, courts must ensure fair and accurate notice and should refrain from altering the proposed notice absent strict necessity.[25] Here, Wintrust makes ten specific objections to Hadley's proposed notice and consent.[26] Wintrust's objections and the Court's rulings follow.

Objection No. 1: The Court **overrules** Wintrust's objection that the notice is vague and confusing as to whom it applies. The first page of the notice clearly states in large font that the notice is directed to those "employed as an *Underwriter* by Wintrust Mortgage Company."[27]

Objection No. 2: The Court **sustains** Wintrust's objection that the notice does not make clear that the class claims will address claims of unpaid overtime compensation. The notice should clarify that Hadley's claims concern the payment of *overtime* compensation, rather than simply referring to "unpaid compensation" or "fail[ure] to properly pay Underwriters for all hours worked."[28]

Objection No. 3: The Court **sustains** Wintrust's objection that the proposed Consent to Join erroneously states that the suit alleges violations of *state* and federal law. Because Hadley claims that Wintrust violated the FLSA, a federal statute, Hadley must remove any reference to state law violations.

---

[24] *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 172 (1989); *see also Lewis v. ASAP Land Exp., Inc.*, No. 07-2226-KHV, 2008 WL 2152049, *2 (D. Kan. May 21, 2008).

[25] *Sloan*, 2011 WL 1457368, * 4 (citations omitted).

[26] Doc. 45.

[27] Doc. 41, Ex. 3, p. 1 (emphasis added).

[28] Doc. 41, Ex. 3, p. 1, 2.

Objection No. 4: The Court **sustains** Wintrust's objection that the notice improperly suggests that the Court has already held that Wintrust wrongfully withheld overtime compensation. It is axiomatic that class action notices must "avoid even the appearance of judicial endorsements of the merits of the action."[29] The current phrasing used to describe the collective action improperly addresses the merits of the case and must be stricken. The parties are ordered to confer to discuss language mutually acceptable to the parties, or in the alternative, submit proposed revisions for the Court's consideration.

Objection No. 5: The Court **sustains** Wintrust's objection that the information under Heading 8 of the notice overstates the retaliation protections available to the putative plaintiffs. The disputed language should be stricken. The parties are ordered to confer to discuss language mutually acceptable to the parties, or in the alternative, submit proposed revisions for the Court's consideration.

Objection No. 6: The Court **overrules** Wintrust's objection that the notice impermissibly capitalizes the caption at the top of the page. The caption at issue appears on the model notice endorsed by the Federal Judicial Center.[30] Furthermore, the authority Wintrust cites in support of its argument is factually distinguishable.[31]

Objection No. 7: The Court **sustains** Wintrust's objection that the notice should include information about putative class members' potential obligations in the suit. This trial will be held

---

[29] *Hoffman-La Roche*, 493 U.S. at 174.

[30] Doc. 41, Ex. 5, p. 1.

[31] In *Clayton*, the capitalized language appeared within the body of the notice rather than as a header. Plaintiff's Proposed Notice and Consent to Potential Plaintiffs (Doc. 28, Ex. 1) at 3, *Clayton v. Velociti, Inc.*, No. 08-2298-CM, 2009 WL 304190 (D. Kan. Feb. 9, 2009).

in Kansas City, Kansas.  Given that Wintrust employs underwriters in offices across the country, it is reasonable and necessary to include language informing putative plaintiffs that they may be required to travel to Kansas City for depositions and trial.[32]

Objection No. 8:  The Court **sustains** Wintrust's objection that the notice should warn putative class members that they may be required to pay costs if Hadley does not prevail.  This district has held that such language is appropriate because "[a]n award of costs to a prevailing defendant in an FLSA case is clearly possible."[33]

Objection No. 9:  The Court **overrules** Wintrust's objection that the notice should include a statement on the first page that explains Wintrust's position in the case.  The information under Heading 4 on the second page of the notice states the general position set forth by Wintrust in its Answer and Response, and Wintrust has not proposed alternative language for this Court to consider.[34]

Objection No. 10: The Court **overrules** Wintrust's assertion that contact information for both parties' counsel should be listed on the notice because Wintrust failed to offer a reason for the inclusion of defense counsel's information.[35]

---

[32] *See Wass v. NPC Intern., Inc.*, No. 09-2254-JWL, 2011 WL 1118774, *10 (D. Kan. Mar. 28, 2011) (citing *Creten-Miller v. Westlake Hardware, Inc.*, No. 08-2351-KHV, 2009 WL 2058734, *5 (D. Kan. July 15, 2009)).

[33] *Creten-Miller*, 2009 WL 2058734, at *4.

[34] *Cf. Wass*, 2011 WL 1118774, at *10 (ordering the plaintiffs to include proposed language stating that the defendant denied the allegations and believed that it acted within the law).

[35] *See id.* at *11 (overruling defendant's objection to the omission of defense counsel's contact information because "[d]efendant has not offered any reason why such information should be included in the notice sent by plaintiffs").

*2. Posting Notice at Wintrust's Offices*

In addition to these objections, Wintrust argues that it should not be required to post notice of the collective action at Wintrust's offices because "facility posting is an overbroad, ineffective, and confusing means of communicating with putative class members."[36] The Court agrees. Wintrust has already identified and provided contact information for the discrete number of individuals who make up the putative class. Additionally, workplace postings do not provide effective delivery of consent forms.[37] Posting the collective action notice at Wintrust's offices is thus cumulative, overreaching, and likely to cause confusion among Wintrust's employees. For the foregoing reasons, the Court denies Hadley's request to order posted notice at this time.

*3. Production of Telephone Numbers of Putative Plaintiffs*

Finally, Wintrust argues that it should not be required to produce the telephone numbers of the 38 putative opt-in plaintiffs "[b]ecause Hadley offers no legitimate justification" for disclosure.[38] But Hadley's memorandum to this Court states that "[t]elephone numbers can assist with locating workers whose addresses are no longer valid,"[39] and Wintrust has not explained why such assistance is unnecessary. Furthermore, disclosure of these 38 telephone numbers does not present an undue burden to Wintrust, and "may be useful for locating . . . employees."[40] The Court therefore orders Wintrust to produce the names, addresses, and telephone numbers of putative plaintiffs. Hadley is

---

[36] Doc. 45, p. 16.

[37] *Wass*, 2011 WL 1118774, at *12 (citations omitted).

[38] Doc. 45, p. 18.

[39] Doc. 41, p. 13.

[40] *Wass*, 2011 WL 1118774, at *12.

permitted to use these phone numbers only for the purpose of verifying the mailing addresses of putative plaintiffs.[41]

**IT IS ACCORDINGLY ORDERED** this 3rd day of October, 2011 that Plaintiff's Motion for Conditional Certification of Class Claims Under section 216(b) of the FLSA (Doc. 40) is hereby **GRANTED**, and a plaintiff opt-in class is hereby certified as set forth herein. Plaintiffs are authorized to send out a notice, as set forth herein, to each potential member of the class. Defendant is ordered to provide Plaintiff with the names, addresses, and telephone numbers of putative class members in an easily malleable format, such as Microsoft Excel. Stacy Hadley is hereby designated class representative and her counsel, Brady & Associates, is hereby designated class counsel.

**IT IS SO ORDERED**.

*/s/ Eric F. Melgren*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[41] *See Barnwell*, 2008 WL 5157476, at *6 (permitting a third-party administrator to use potential class members' phone numbers to verify mailing addresses).